# IN THE DISTRICT COURT OF THE UNITED STATES
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# 1:11 CR 34

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Vs. | ) | ORDER |
| | ) | |
| ANTONIO DEMETRIUS PEAK. | ) | |
| | ) | |
| _____ | ) | |

**THIS CAUSE** came on to be heard and was heard before the undersigned at the close of a Rule 11 proceeding that was held before this court on September 2, 2011. It appeared to the court at the call of this matter on for hearing the defendant was present with his attorney, Heather Martin and the government was present and represented through Assistant United States Attorney Don Gast. From the arguments of counsel for the defendant and the arguments of the Assistant United States Attorney and the records in this cause, the court makes the following findings:

**Findings.** On April 5, 2011 a bill of indictment was issued charging the defendant with possession with intent to distribute a quantity of cocaine base, commonly known as crack cocaine, in violation of 21 U.S.C. § 841(a)(1). On May 6, 2011 the undersigned entered an Order (#7)setting terms and conditions of release for defendant. On August 26, 2011, a bill of information was filed again charging defendant with possession with intent to distribute a quantity of cocaine base, commonly known as crack cocaine, in violation of 21 U.S.C. § 841(a)(1). On

September 2, 2011, the undersigned held an inquiry, pursuant to Rule 11 of the Federal Rules of Criminal Procedure and accepted a plea of guilty of the defendant to that charge. At the end of the Rule 11 proceeding, the court presented the issue of whether or not the defendant should now be detained, pursuant to 18 U.S.C. § 3143(a)(2). The court further considered a motion (#18) filed by counsel for defendant requesting that the court find that exceptional circumstances in regard to the release of defendant would allow the undersigned to release defendant pending sentencing.

**Discussion.** 18 U.S.C. § 3143(a)(2) provides as follows:

(2) The judicial officer shall order that a person who has been found guilty of an offense in a case described in subparagraph (A), (B), or (C) of subsection (f)(1) of section 3142 and is awaiting imposition or execution of sentence be detained unless ----

(A)(i) the judicial officer finds there is a substantial likelihood that a motion for acquittal or new trial will be granted; or

(ii) an attorney for the Government has recommended that no sentence of imprisonment be imposed on the person; or

(B) the judicial officer finds by clear and convincing evidence that the person is not likely to flee or pose a danger to any other person or the community.

From an examination of the records in this cause, it appears the defendant has now entered a plea of guilty on September 2, 2011 to the crime of possessing with intent to distribute a quantity of cocaine base, in violation of 21 U.S.C. § 841(a)(1). That crime is one of the crimes that is referenced under 18 U.S.C. § 3142(f)(C). The

undersigned made an inquiry of Assistant United States Attorney Don Gast as to whether or not there was going to be a recommendation that no sentence of imprisonment be imposed upon the defendant. Mr. Gast advised the court that such a recommendation could not be made in this matter. As a result of the plea of guilty of defendant, the undersigned cannot find there is a substantial likelihood that a motion for acquittal or new trial will be granted or that an attorney for the government has recommended or will recommend that no sentence of imprisonment be imposed upon defendant. It would thus appear that the undersigned is required to apply the factors as set forth under 18 U.S.C. § 3143(a)(2) which require the detention of defendant.

Counsel for defendant filed a motion requesting that defendant continue to be released on terms and conditions of pretrial release because defendant qualified for release under 18 U.S.C. § 3145(c). That provision provides as follows:

> (c) **Appeal from a release or detention order.**---
> An appeal from a release or detention order, or from a decision denying revocation or amendment of such an order, is governed by the provisions of section 1291 of title 28 and section 3731 of this title. The appeal shall be determined promptly. A person subject to detention pursuant to section 3143(a)(2) or (b)(2), and who meets the conditions of release set forth in section 3143(a)(1) or (b)(1), may be ordered released, under appropriate conditions, by the judicial officer, if it is clearly shown that there are exceptional reasons why such person's detention would not be appropriate.

In October 2009 United States District Judge Martin Reidinger instructed the undersigned to conduct the exceptional circumstances determination as set forth by

the above referenced statute.

The definition of what constitutes exceptional circumstances is set forth in United States v.Vilaiphone, 2009 WL 412958 (February 19, 2009 WDNC):

> Courts generally have defined "exceptional reasons" as circumstances which are "clearly out of the ordinary, uncommon, or rare." See United States v. Larue, 478 F.3d 924, 926 (8th Cir. 2007) (finding defendant's compliance with terms of pretrial release, lack of criminal record, payment of child support, and continued employment were not exceptional reasons warranting release); United States v. Lea, 360 F.3d 401, 403 (2d Cir. 2004) ("Exceptional circumstances exist where there is 'a unique combination of circumstances giving rise to situations that are out of the ordinary.'") (quoting United States v. DiSomma, 951 F.2d 494, 497 *2d Cir. 1991)). The fact that the Defendant has cooperated with the Government and has complied with the terms and conditions of his pretrial release do not constitute exceptional reasons warranting his continued release pending sentencing. See United States v. Little, 485 F.3d 1210, 1211 (8th Cir. 2007) ("It is not exceptional to expect every defendant to timely appear in court and to obey the court's order concerning pretrial conditions of release. Nor it is clearly out of the ordinary, uncommon or rare for defendants to cooperate in the investigation of their criminal acts."). Similarly, the Defendant's lack of a significant criminal history and his gainful employment, while commendable, do not rise to the level of "exceptional reasons." See Lea, 360 F.3d at 403-04 ("There is nothing 'exceptional about going to school, being employed, or being a first-time offender, either separately or in combination."). Finally, while the Court is cognizant of the hardships that the Defendant's detention will create for his immediate family, such hardships are common to nearly every case involving a term of imprisonment and thus do not qualify as "exceptional reasons" under § 3145(c). See United States v. Garcia, 340 F.3d 1013, 1022 (9th Cir. 2003) ("Hardships that commonly result from imprisonment do not meet the standard."); United States v. Mahabir, 858 F.Supp 504, 508 (D.Md. 1994)("A defendant's incarceration regularly creates difficulties for him and his family. Courts have found that such purely personal considerations do not constitute exceptional reasons within the meaning of Section 3145(c).")

The defendant called as a witness his employer Mr. Norman Allen. Mr. Allen described that he was in the business of being a landlord. Mr. Allen has under lease approximately 112 mobile homes located in the Hendersonville, North Carolina and south Buncombe County, North Carolina areas. The defendant has been employed by Mr. Allen to perform maintenance on Mr. Allen's rental properties. Mr. Allen described defendant as being an excellent employee who was totally trustworthy and who will work at all hours of the day or night to assist Mr. Allen in regard to his business. Mr. Allen described defendant as "one in a hundred". Further evidence was presented through United States Probation Officer Robert Ferguson that defendant is polite, respectful and has been totally compliant with terms and conditions of pretrial release.

As set forth in <u>Vilaiphone</u>, exceptional circumstances are circumstances which are "clearly out of the ordinary, uncommon, or rare." The undersigned cannot and does not find from the evidence presented that the circumstances of release of defendant are "clearly out of the ordinary, uncommon, or rare." Defendant appears to be an excellent employee but being an excellent, trustworthy employee is not an exceptional reason for the release of defendant.

**ORDER**

**IT IS, THEREFORE, ORDERED**, that the terms and conditions of pretrial release of defendant are hereby **REVOKED** and it is **ORDERED** the defendant be placed in the custody of the United States Marshals pending sentencing.

Signed: September 16, 2011

Dennis L. Howell
United States Magistrate Judge